Nelson, J.,
delivered the opinion of the court.
In the affidavit praying for an attachment, the plaintiff states that “Peter Wiley is justly indebted to him a little less than $200, $100 due by note about the 1st day of September, 1868, the balance due by accounts; and that the said Peter Wiley gave him a verbal lien on his property to secure the payment of said claims, and has fraudulently disposed of a part of said property, as he believes, and is now *319 about to transfer or run off some of the other property out of the State, so that the ordinary process of the law can not be served upon it-.”
The justice rendered judgment in favor of the plaintiff for $157 and costs, but declared that the lien as claimed was not good. Plaintiff appealed; and the defendant, by attorney, moved the court to dismiss the attachment and quash the judgment, which motion was sustained, as appears from the niinutes of the court. In the bill of exceptions, it is stated that after a jury was sworn to try the cause, “the court, of its own motion, quashed the attachment and suit, because the justice had not stayed final judgment as required by the Code of the State,” and it was adjudged that defendant go hence without day and •recover his costs; and ' from this judgment the plaintiff appeals.
There is no evidence that defendant appeared before the justice; and the Code, s. 3527, is imperative that when the defendant does not appear, the justice shall stay final judgment not less than six months. The attachment was levied October 5, 1869, and judgment rendered November 1, 1869, and execution awarded. There is no prayer for an appeal, but the appeal bond was executed November 3, 1869. No motion was made to amend any of the proceedings.
Without adverting to any other reason, this court is of opinion that the final judgment rendered before the six months expired, was void and that the proceedings were properly quashed.
Affirm the judgment.